# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID DOBBS, JEFFREY CORDISCO, LARRY DONNELY, VENUS LOUDER, JOSEPH LACHIOMA, and INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, AFL-CIO, LOCAL 834, | ) ) ) ) ) ) | 3:25-CV-0824 (SVN) |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | |
| BRIAN VAHEY, CHAIRMAN OF THE STATE OF CONNECTICUT MUNICIPAL EMPLOYEES RETIREMENT COMMISSION ("CMERC"), in his official capacity; JEFFREY ARN, MEMBER OF CMERC, in his official capacity; MICHELLE BOYLES, MEMBER OF CMERC, in her official capacity; CARL CHISEM, MEMBER OF CMERC, in his official capacity; MICHAEL FREDA, MEMBER OF CMERC, in his official capacity; DAVID GLIDDEN, MEMBER OF CMERC, in his official capacity; KURT MILLER, MEMBER OF CMERC, in his official capacity; TROY RACCUIA, MEMBER OF CMERC, in his official capacity; STEPHEN STEPHANOU, MEMBER OF CMERC, in his official capacity; JEFFREY TOMCHICK, MEMBER OF CMERC, in his official capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | August 14, 2025 |
| *Defendants*. | ) ) | |

## SCHEDULING ORDER

Upon consideration of the parties' revised Rule 26(f) Report (ECF No. 41), the following

dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1.

The parties' Rule 26(f) Report is hereby adopted unless otherwise stated.

- **Pleadings and Joinder.**  Any motion to amend the complaint or join parties must be filed by any Plaintiff no later than **August 21, 2025**.  Any motion to amend the answer or join parties must be filed by any Defendant no later than **September 4, 2025**.  Such motions shall be governed by Fed. R. Civ. P. 15.  Any motion to amend the pleadings or join parties filed after these dates will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

- **Damages Analysis.**  Any party with a claim or counterclaim for damages shall serve a damages analysis on the other parties, in compliance with Rule 26(a)(1)(A)(iii), on or before **September 15, 2025**.  Any party that is required to serve a damages analysis shall serve an <u>updated</u> damages analysis on the other parties 14 days after the close of discovery.

- **Discovery Deadlines.**

  - Initial disclosures pursuant to Rule 26(a)(1) must be exchanged by **September 15, 2025**.

  - All discovery will be completed (not propounded) by **May 12, 2026**.

  - **Discovery Relating to Expert Witnesses.**  Unless otherwise ordered, a party intending to call any expert witness must comply with Fed. R. Civ. P. 26(a)(2)(B).

    - Parties must designate any trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **February 6, 2026**.  Depositions of such experts must be completed by **March 11, 2026**.

    - Parties must designate all trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **April 10, 2026**.  Depositions of such experts must be completed by **May 12, 2026**.

    - Any motion related to preclusion of an expert must be filed by **June 12, 2026**.

  - **Motions to Compel.**  Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due** under the Federal Rules of Civil Procedure, that is, within 60 days of the service of the request.  If the parties are negotiating in good faith in attempt to resolve the discovery dispute, a motion to extend this deadline may be filed.  Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel.  Any motions relating to discovery must fully

comply with the Local Rules, as well as the Federal Rules of Civil Procedure. The parties are directed to review Local Rule 37 before filing any discovery motion.

- **Dispositive Motions.** Any motion for summary judgment or for judgment on the pleadings must be filed no later than **June 12, 2026**. The parties shall file response and reply briefs within the time limits set forth in the Local Rules of Civil Procedure.

- If no dispositive motions are filed by the above deadline, the Court will promptly convene a status conference to set dates for the filing of pre-trial submissions, including the Joint Trial Memorandum, and trial.

- **Joint Status Reports of the Parties.**

  A joint status report of the parties shall be filed on or before **February 12, 2026**. The report must address matters that are relevant to the case at the time and each of the following items:

    (1) a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed; and

    (2) whether the parties expect to seek any extensions of any remaining deadlines in the case.

  A second joint status report of the parties shall be filed on **May 19, 2026**, confirming that discovery is complete and addressing the following:

    (1) whether any party intends to file a dispositive motion;

    (2) whether the parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial;

    (3) the parties' estimate of the length of the trial; and

    (4) a representation that the parties have conferred with each other, and that counsel for any represented parties have conferred with their clients, on the question of whether to seek referral for a settlement conference.

The Court encourages the parties to discuss settlement as soon as possible. Nearly all civil cases settle, and at some point in this case, the Court will refer the parties to a U.S. Magistrate Judge to explore the potential for settlement. The sooner the parties look seriously at the possibility for settlement, the less expensive the litigation will be for the parties. The Court understands that

3

sometimes it is necessary to conduct some discovery before the parties can engage in productive mediation.  If this is such a case, the Court encourages the parties to discuss exchanging limited discovery before engaging in a formal settlement conference.  But the parties may begin settlement discussions at any time, on their own, through a private mediator, or with the assistance of a U.S. Magistrate Judge.

The parties are advised that the Magistrate Judges may not be able to conduct settlement discussions on short notice.  Accordingly, the parties should seek a referral for settlement discussions at the earliest possible date.  To do so, any party may file a brief motion for a referral to a Magistrate Judge, representing that all parties have conferred and agree that such a referral would be appropriate.

Counsel shall provide each named party to this action with a copy of this Order.

IT IS SO ORDERED.

 /s/  Sarala V. Nagala
Sarala V. Nagala, U.S.D.J.

Dated:        Hartford, Connecticut
              **August 14, 2025**

4